BILBREY, J.,
concurring.
I fully agree with Judge Padovano’s analysis of the applicable statutory and case law, as well as the decision of the Court. His opinion starts with the premise that a proper records request was made. I write separately to emphasize that this case also could have been resolved on the ground that the request for public records was never made to the proper custodian of records prior to the plaintiff bringing suit. The order on appeal found that, “the request was not sent to any individual e-mail account, and certainly not to the correct custodian.” There is record evidence to support this finding.
At the accelerated hearing held pursuant to section 119.11, Florida Statutes, the plaintifRappellant’s all-in-one managing member, registered agent, and attorney, Robert Case, testified. He was aware that the records of Union County Board of County Commissioners were kept by the Union County Clerk of Court. Nonetheless, he located an email address for the “Union County Board of County Commission” (sic) and sent an email request to that address. There is no record evidence that Union County ever put forward this email address as the proper address for submitting records requests; it just happened to be an email found by Mr. Case on the Commission’s minutes.
“ ‘Custodian of public records’ means the elected or appointed state, county, or municipal officer charged with the responsibility of maintaining the office having public records, or his or her designee.” § 119.011(5), Fla. Stat. Since there was no request to the “person who has custody of a public record” there was no violation of the law. § 119.07(l)(a), Fla. Stat.
Mr. Case knew the Union County Clerk was the records custodian, and it is the record custodian’s obligation to respond in “good faith” to a valid request. See § 119.07(l)(c), Fla. Stat. Despite that knowledge, the first line of Mr. Case’s email was “To: the County of Union County, Florida.” A Union County employee did receive the email, but did not believe it was an actual request. This is where Judge Padovano’s phishing analysis comes into play. There is no record evidence that the two Union County employees who viewed the email prior to plaintiff bringing suit were designees for receipt of records requests, so the request was not forwarded by these employees to the Clerk of Court as custodian of records. Mr. Case cites no authority which obligates every employee of a county to respond to a records request. If, for instance, I ask a county employee fixing a pothole in the road in front of my house to give me all the records of the road department for the past year, the employee is free to ignore me.
The trial court found that the request made by Mr. Case was not a good faith attempt to get information, but was instead an effort to open the door for a claim of attorney’s fees by Mr. Case. Until a request is actually made to a custodian or designee there is no obligation for any response. Therefore, although Union County did provide the plaintiff with the requested records after it learned of the lawsuit, I believe it was under no obligation to do so because a proper records request was never made.